**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Alexander Hall, AND <br> Patsy Pierce as next friend of the minor, <br> N.P. <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO POLICE OFFICER ROMAN, AND UNNAMED CITY OF CHICAGO POLICE OFFICERS, and THE CITY OF CHICAGO, <br><br> Defendants. | Case No.: 21-cv-2393 <br><br> COMPLAINT FOR VIOLATION OF CIVIL RIGHTS <br><br> **JURY DEMANDED** |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Alexander Hall was born in 2002, was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Plaintiff Patsy Pierce was and is a citizen of the United States and was within the jurisdiction of this court.

5. Patsy Pierce is the mother and custodial parent of the minor N.P.

6. At all times herein mentioned, Plaintiff N.P. was a minor born in 2006, was and is a citizen of the United States, and was within the jurisdiction of this court. Patsy Pierce is acting as his next friend.

7. At all times herein mentioned, Defendant City of Chicago Police Officer Roman (hereinafter "Defendant"), was employed by the City of Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity. When the complete name of this officer is ascertained, Plaintiff will seek leave of the Court to amend this complaint to add his complete name.

8. At all times herein mentioned, the unnamed and unknown City of Chicago Police Officers (hereinafter "Unknown Officers"), were employed by the City of Chicago Police Department and were acting under color of state law and as the employee, agent, or representative of City of Chicago Police Department. These unknown and unnamed employees are being sued in their individual capacities. When the names of these employees are ascertained, Plaintiff will seek leave of the Court to amend this complaint to add their names.

9. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

**FACTUAL ALLEGATIONS**

10. On May 23, 2020, Hall was lawfully driving Audisha Tyler's (his mother's) car with the minor N.P. in the passenger seat. Hall was parking the car in front of minors' home at 4300 W. Van Buren St. in the City of Chicago, County of Cook, Illinois.

11. At that date and place, Defendant, and Unknown Officers, totaling three to four squad cars and seven to nine police officers, surrounded Hall and N.P.

12. Unknown Officers approached the car and asked Hall if he had any weed. Unknown Officers did not ask for Hall's license, identification, or registration.

13. Unknown Officers claimed that Hall and N.P. were illegally parked in front of a fire hydrant, but Hall and N.P. had not parked their car.

14. Unknown Officers asked Hall and N.P. to get out of the car. Hall and N.P. complied.

15. Unknown Officers searched Hall, N.P., and the vehicle. They found nothing.

16. Hall and N.P. were detained for approximately fifteen to twenty minutes.

17. Audisha Tyler and Pierce, plaintiff's mothers, observed the stop of Hall and N.P. by Unknown Officers from inside their home. They proceeded to go outside to talk to the Unknown Officers. They feared their sons would be seriously harmed. As they began asking Unknown Officers why they were searching and detaining Hall and N.P., Unknown Officers quickly returned to their cars.

18. As they return to their cars, Unknown Officers began arguing with and harassing Plaintiffs. When Plaintiffs suggested that there are many other crimes and shooters in the area that the Unknown Officers should be dealing with, one Unknown Officer only yelled "POINT 'EM OUT!" repeatedly.

19. Unknown Officers did not have legal cause to stop and detain or search the Plaintiffs or their vehicle

20. Plaintiffs are informed and believe and allege thereon that they were detained and searched solely because they are African American.

21. By reason of the above-described acts and omissions of Unknown Officers, Plaintiffs sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to their damage in an amount to be ascertained.

22. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

23. By reason of the above-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**PLAINTIFFS AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS FOR UNREASONABLE SEIZURE**

24. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

25. By reason of the conduct by Defendants and Unknown Officers, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

26. The arbitrary intrusion by Defendant and Unknown Officers, into the security and privacy of Plaintiffs' persons was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The Defendants and Unknown Officers violated the Plaintiffs' rights in the

following manner: the seizure, including the stop and search of Plaintiffs and their vehicle was without any legal cause. The foregoing was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiffs' rights. Therefore, the Defendant and Unknown Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

### PLAINTIFFS AGAINST THE CITY OF CHICAGO
### FOR A FALSE IMPRISONMENT

27. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

28. As alleged above the Plaintiffs were stopped and detained by the individual defendants.

29. The individual defendants did not have legal cause to detain the Plaintiffs.

30. The City of Chicago is liable to Plaintiffs based upon *respondeat superior*.

31. The Plaintiffs were damaged by their unlawful detention as alleged above.

WHEREFORE, the Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That individual Defendant and other unnamed and unknown Defendants and the City of Chicago be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That these same Defendants be required to pay Plaintiffs' special damages;

3. That these same Defendants be required to pay Plaintiffs' attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

5

4. That the individual Defendants and each of them and other unnamed and unknown Defendants, but not the City of Chicago, be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY: s/ Edward Fox

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com

**PLAINTIFFS HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Edward Fox

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com